Filed 3/25/13  P. v. Sanchez CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ENRIQUE SANCHEZ,<br><br>    Defendant and Appellant. | B243630<br><br>(Los Angeles County<br>Super. Ct. No. BA 392915) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

David L. Kelly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Appellant Enrique Sanchez was convicted of one count of unlawful taking a vehicle with a prior for a related offense.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal.  We have reviewed the entire record and find no arguable issue.  We affirm the judgment.

## PROCEDURE

On February 24, 2012, appellant was charged with unlawful driving or taking a vehicle with a prior for unlawful driving or taking a vehicle.  (Pen. Code, § 666.5.)  In addition to the alleged prior for unlawful driving or taking a vehicle, it was alleged appellant suffered two prior serious or violent felony convictions within the meaning of the "Three Strikes" law.  It was further alleged appellant suffered five prison terms within the meaning of section 667.5, subdivision (b).

On the first day of trial, the court denied appellant's motion to represent himself.  Appellant was not prepared to go to trial, and the court found that his motion was untimely and was brought for the purpose of delay.

The court bifurcated trial on the prior unlawful driving or taking a vehicle.  Jurors found appellant guilty of unlawful driving or taking a vehicle.

Appellant waived jury trial on the priors.  The court found the priors true.  In addition to the charged crimes, the court found appellant committed an uncharged robbery and had been regularly committing crimes since 1976.

The court granted appellant's *Romero* motion, striking one of the serious or violent prior felonies.  (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)  The court struck the prior conviction because the People elected to try appellant as if the current conviction were a second strike (not a third strike).  The court sentenced appellant to a 12-year prison term.

**FACTS**

On January 13, 2012, Sandra Estrada owned a 1997 Mercury Mountaineer, which she allowed her son-in-law Abigael Martinez to drive. On January 13, Martinez drove the Mountaineer to his work at a Carl's Jr. restaurant. Martinez put the keys to the Mountaineer on the counter. Appellant picked up the keys and drove off in Estrada's vehicle. A surveillance camera videotaped appellant taking the keys and driving off in the Mountaineer. Martinez identified appellant. Officer Eric Horn found appellant's driver's license in the Mountaineer. Appellant's girlfriend was found driving the vehicle. When appellant was arrested, he made a statement that if his girlfriend had been driving a car it must be stolen.

Appellant denied taking the vehicle. Appellant testified that his license was found in the vehicle because he gave it to his girlfriend in order to avoid having it on his person because he had absconded from parole. Appellant admitted that he had suffered prior convictions for four robberies and for residential burglary. He admitted previously stealing cars and that he had been convicted of grand theft auto. He admitted being convicted of being a felon in possession of a firearm. Appellant admitted to violating his parole.

**DISCUSSION**

We conclude that no arguable issue exists and that appellant's attorney has fully complied with his responsibilities. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *Wende, supra*, 25 Cal.3d at p. 441.)

In reaching the foregoing conclusion, we have considered appellant's supplemental brief, which demonstrates no error. Contrary to appellant's assertion the trial court properly denied appellant's untimely motion to represent himself, which the court found was made for purposes of delay. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1277 ["[A] trial court rarely should grant such a motion [for self representation] on the day set for trial."].) There is no possibility that the trial court's

3

denial of appellant's motion brought on the first day of trial that the court found was brought for purposes of delay fell outside the bounds of reason. (See *id*. at p. 1278.)

Contrary to appellant's statement, the overwhelming evidence supported his conviction even though the police officers did not process fingerprints from the vehicle. Not only did Martinez identify appellant, but appellant was videotaped taking Martinez's keys and taking the vehicle. In addition, appellant's driver's license was found inside Estrada's vehicle.

Appellant purports to challenge the admission of evidence that his driver's license was found in the vehicle on the ground that the license was not produced at trial. But, Officer Horn saw the license inside the vehicle and properly testified concerning his personal observations. (See Evid. Code, § 702.)

Appellant's statement that his counsel rendered the ineffective assistance of counsel is not supported by the record and appellant identifies no specific error or prejudice from counsel's alleged ineffectiveness. Our record demonstrates no ineffective assistance of counsel.

Similarly, appellant's bare assertion that his 12-year sentence constitutes cruel and unusual punishment lacks merit. This sentence is far less than that upheld by the United States Supreme Court for recidivist criminals such as appellant who has been committing crimes since 1976. (See *Ewing v. California* (2003) 538 U.S. 11, 18, 30-31 [25-year-to-life sentence under "Three Strikes" law for theft of three golf clubs worth $399 apiece]; *Lockyer v. Andrade* (2003) 538 U.S. 63, 77 [two consecutive 25-year-to-life terms for two separate thefts of less than $85 worth of videotapes].) Here, appellant has committed crimes since 1976 and the trial court found that he "has been nothing but a criminal." Nor does appellant's 12-year sentence shock the conscience or offend fundamental notions of human dignity in violation of the state constitution. (*In re Lynch* (1972) 8 Cal.3d 410, 424 [A prison sentence runs afoul of article I, section 17, if it is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity."].)

Finally, appellant provides a list of "evidence codes [that] have been violated and not adhered to in my case . . . along with one penal code" that demonstrates no error.  Appellant's list contains no reference to the underlying conduct allegedly constituting a violation and no citation to the record.  As noted, we have reviewed the entire record and find no arguable issue exists on appeal.

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.